IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | CHAPTER 7 |
| | : | |
| **HUDSON PALMER HOMES, INC.,** | : | BANKRUPTCY NO. 18-17509-jkf |
| | : | |
| Debtor. | : | |
| | : | |

**EXPEDITED MOTION OF GARY F. SEITZ, CHAPTER 7 TRUSTEE, TO REIMPOSE THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 OF THE BANKRUPTCY CODE AS TO THE MATTER OF TAYLOR, ET AL. V. HUDSON PALMER HOMES, INC., CHESTER COUNTY COURT CP NO. 2018-08638-TT PURSUANT TO BANKRUPTCY <u>RULE 9024</u>**

Gary F. Seitz, Chapter 7 Trustee (the "Trustee") for Hudson Palmer Homes, Inc. (the "Debtor"), by and through his undersigned counsel, hereby moves, on an expedited basis, to reimpose the automatic stay under 11 U.S.C §362 which was lifted by the Court by Order of June 26, 2019 upon motion of Alkeshkumar and Sonal Taylor ("Taylor" or "Claimant") and states in support thereof as follows:

**FACTUAL BACKGROUND**

1. On November 12, 2018, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. On November 12, 2018, Gary F. Seitz was appointed as Chapter 7 Trustee.

3. On December 7, 2018, Taylor filed a motion ("Taylor's Motion for Relief") with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") requesting the entry of an order lifting the automatic stay imposed by 11 U.S.C §362 for the purpose of permitting Taylor to proceed with its prepetition action in state court based on alleged defective construction of their home in the matter captioned, *Taylor, et al. v. Hudson Palmer Homes, Inc*., Chester County CP No. 2018-08638-TT (the "Taylor State Court Action"). *See* D.I. 71.

4. On June 26, 2019, the Court entered an order granting relief from stay (the "Order") as to Taylor in addition to other homeowners who had filed motions for relief. *See* D.I. 288.

5. Since the entry of the Order, counsel for the Debtor in the Taylor State Court Action filed a Motion to Withdraw as counsel, which was denied by the Court. However, counsel has indicated to the Trustee that she has no authority to proceed as counsel for the Debtor and does not intend to take action on behalf of the Debtor. True and correct copies of emails from counsel are attached hereto collectively as Exhibit A.

6. On January 22, 2020, counsel for the Debtor forwarded to the Trustee a Notice of Default sent by Taylor. The Notice provides that due to Debtor's failure to file a response to the claims alleged against it, ten (10) days from the date of the Notice (which is January 21, 2020), Taylor intends to seek entry of default judgment against the Debtor. A true and correct copy of the Notice of Default is attached hereto as Exhibit B.

7. Due to counsel's intent to withdraw as counsel and the estate's lack of funds to locate replacement counsel, the Debtor is unable to defend itself in the Taylor State Court Action.

8. Therefore, the Trustee requests that this Court enter an Order reimposing the automatic stay as to the Taylor State Court Action.

9. The Trustee also reached out to counsel for Taylor pointing out that the complaint that was recently filed goes far beyond any possible coverage that might be available for the alleged harm done. Exhibit C.

10. Counsel for Taylor replied refusing to take any steps to accommodate the bankruptcy estate. Exhibit D. Meanwhile counsel for Taylor admits that their clients continue to press causes of action against the Debtor for which coverage is not available. This conduct is in

contempt of the order granting relief.

## ARGUMENT

11. Rule 60 of the Federal Rules of Civil Procedures applies in cases under the Bankruptcy Code, including the instant case, under Rule 9024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

12. Federal Rule of Civil Procedure 60(b) states, in pertinent part, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (6) any other reason that justifies relief." *See* Fed.R.Civ.P. Rule 60(b).

13. As stated above, the circumstances under which the Order was entered have changed inasmuch as the Debtor no longer has counsel willing to defend it against Taylor's claims and those of other clients of counsel for Taylor that exceed the authority granted in the order for relief. Both Rule 60(b)(6) and 11 U.S.C. §105 authorize this Court to reimpose the automatic stay to avoid detrimental harm to the estate and a windfall to Taylor.

14. Under Rule 60(b)(6) of the Federal Rules of Civil Procedure made applicable herein under Bankruptcy Rule 9024, circumstances dictate and support the Court's reimposition of the automatic stay as to Taylor, where the original relief was procured under circumstances that no longer exist, to the detriment of the Debtor.

## REQUEST FOR EXPEDITED HEARING

15. As stated above, the Notice of Default served on the Debtor contains a deadline of January 31, 2020 (ten days from the Notice date of January 21, 2020) before Taylor seeks entry of Default against the Debtor.

16. The Trustee submits it would be detrimental to the estate to allow default judgment

to be entered against the Debtor without the ability to assert a defense to Taylor's claims.

17. The Trustee requests that a hearing on this Motion be scheduled before January 31, 2020 to prevent undue harm to the Debtor's estate.

18. No prior request has been made by the Trustee for this relief requested in this Motion.

19. Notice of this Expedited Motion will be served via electronic mail and/or via ECF notification on the Trustee, counsel to the Debtor, the Office of the United States Trustee, all parties requesting Notice under Rule 2002 and counsel to Taylor in the Taylor State Court Action (the "Interested Parties").

20. The Trustee requests that Notice of this hearing be limited to the Interested Parties.

21. The Trustee believes, and therefore avers, that if service is made as set forth herein that proper and due notice of the Trustee's request for the relief set forth herein and Expedited Hearing will have been provided.

## CONCLUSION

For forgoing reasons, the Trustee respectfully requests that the automatic stay provided under 11 U.S.C. §362 be reimposed as to Alkeshkumar and Sonal Taylor, the other clients of

Taylor's counsel, and for such other and further relief as is just and proper.

Date: January 23, 2020

Respectfully submitted,

GELLERT SCALI BUSENKELL
& BROWN, LLC

/s/ Holly S. Miller
Gary F. Seitz, Esquire
Holly S. Miller, Esquire
8 Penn Center
1628 John F. Kennedy Blvd., Suite 1901
Philadelphia, PA 19103
Phone: (215) 238-0012
Fax: (215) 238-0016
Email: gseitz@gsbblaw.com
hsmiller@gsbblaw.com

Counsel for the Chapter 7 Trustee