# Exhibit A

| | |
|---|---|
| **From:** | Nancy Wright <njwright@rpmcbridelaw.com> |
| **Sent:** | Monday, January 13, 2020 9:51 AM |
| **To:** | Holly Smith Miller |
| **Cc:** | Gary Seitz |
| **Subject:** | TAYLOR V. HUDSON PALMER HOMES |
| **Attachments:** | CONFERENCE.pdf; ORDER DENYING MOTION.pdf; Motion - Taylor.pdf; COMPLAINT.pdf |

Holly:

 I need your *immediate* assistance in this matter as Judge Mahon has scheduled an Administrative Conference for Wednesday, January 22, 2019 at 8:45 a.m., a copy of the scheduling notice is appended hereto.

 As brief background – and as more fully detailed in my Motion to Withdraw my Appearance on behalf of Hudson Palmer Homes, a copy of which is appended hereto:

1. On February 21, 2019, solely to give notice to the Court of the Bankruptcy filing, I filed a Suggestion of Bankruptcy on behalf of Hudson Palmer Homes;

2. By Order dated June 27, 2019, Judge FitzSimon lifted the stay imposed in this matter, limited to proceeding against the debtor - Hudson Palmer Homes, in name only;

3. On November 4, 2019, Plaintiff's counsel filed a Motion for Trial Continuance and Request for an Administrative Conference;

4. In response, on November 12, 2019, I filed a Motion to Withdraw as counsel which the Court has *denied* – given:    "counsel has not addressed the issue of insurance coverage as it relates to the lifting of the bankruptcy stay" – a copy of the Order is appended hereto.

 My question:  Is there insurance coverage in this case?  I have appended a copy of the Complaint – and all other pertinent documents.    I would appreciate a response by tomorrow – as I will need to file the memorandum with the Court on Wednesday responding to this question.   Can you please immediately respond.   Thank you.  Best regards, Nancy Wright

As noted on the Order attached, Judge Mahon denied my Motion to Withdraw my Appearance in the Taylor case given my failure to "…address the issue of insurance coverage

as it relates to the lifting of the bankruptcy stay" in the Taylor case.   Question at this end –
is there insurance coverage?

As brief background (as noted in the underlying Motion to Withdraw, a copy of which
is attached:

Nancy J. Wright, Esquire
Law Office of Richard P. McBride
714 N. Bethlehem Pike, Suite 101
Lower Gwynedd, Pennsylvania  19002
(610) 834-1046 (telephone)
(610) 941-5316 (facsimile)
njwright@rpmcbridelaw.com

| | |
|---|---|
| **From:** | Nancy Wright <njwright@rpmcbridelaw.com> |
| **Sent:** | Monday, January 13, 2020 11:06 AM |
| **To:** | Holly Smith Miller |
| **Subject:** | RE: TAYLOR V. HUDSON PALMER HOMES |

**Holly:**

**The only date averred in the Complaint is the date of purchase – 2009.   The date that the "claimants' issues manifested" is not specifically averred and therefore would require written discovery to uncover.**

**Bottom line, I don't have _any_ authority to further represent Hudson Palmer Homes - in this action.  Thus, to the extent that there is coverage – I would ask that you forward the Complaint to the pertinent carriers and will advise the Court of this fact.  Please confirm.   Thank you.**

**Nancy J. Wright, Esquire**
**Law Office of Richard P. McBride**
**714 N. Bethlehem Pike, Suite 101**
**Lower Gwynedd, Pennsylvania  19002**
**(610) 834-1046 (telephone)**
**(610) 941-5316 (facsimile)**
**njwright@rpmcbridelaw.com**

---

**From:** Holly Smith Miller [mailto:hsmith@gsbblaw.com]
**Sent:** Monday, January 13, 2020 10:36 AM
**To:** Nancy Wright
**Cc:** Gary Seitz
**Subject:** RE: TAYLOR V. HUDSON PALMER HOMES

**Nancy – the question as to whether there is insurance coverage is one of the more contentious issues in the bankruptcy. the simple answer is – we do not know. All insurers of which we are aware are defending their respective claims under a reservation of rights. If you can tell me the year in which these claimants' issues manifested, I can tell you which insurance policy was in place for that year. But, again, as to whether the insurance covers these issues, that I cannot speak to. However, I can give you the contact information for counsel to that particular insurer so you can reach out directly. Thanks.**



**Holly S. Miller**
**Member**
**Gellert Scali Busenkell & Brown, LLC**

hsmiller@gsbblaw.com | P: 215-238-0012 | F: 215-238-0016

**8 Penn Center, 1628 John F. Kennedy Boulevard, Suite 1901**
**Philadelphia, PA 19103**

GSBBlaw.com || V-Card

IRS CIRCULAR 230 DISCLOSURE:
Notice regarding federal tax matters: Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (i) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (ii) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.

This message is sent by a law firm and may contain information that is privileged or confidential. If you have received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. Thank you.

 Consider your responsibility to the environment - think before you print!

**From:** Nancy Wright <njwright@rpmcbridelaw.com>
**Sent:** Monday, January 13, 2020 9:51 AM
**To:** Holly Smith Miller <hsmith@gsbblaw.com>
**Cc:** Gary Seitz <gseitz@gsbblaw.com>
**Subject:** TAYLOR V. HUDSON PALMER HOMES

**Holly:**

I need your _immediate_ assistance in this matter as Judge Mahon has scheduled an Administrative Conference for Wednesday, January 22, 2019 at 8:45 a.m., a copy of the scheduling notice is appended hereto.

As brief background – and as more fully detailed in my Motion to Withdraw my Appearance on behalf of Hudson Palmer Homes, a copy of which is appended hereto:

1. On February 21, 2019, <u>solely</u> to give notice to the Court of the Bankruptcy filing, I filed a Suggestion of Bankruptcy on behalf of Hudson Palmer Homes;

2. By Order dated June 27, 2019, Judge FitzSimon lifted the stay imposed in this matter, limited to proceeding against the debtor - Hudson Palmer Homes, in name only;

3. On November 4, 2019, Plaintiff's counsel filed a Motion for Trial Continuance and Request for an Administrative Conference;

4. In response, on November 12, 2019, I filed a Motion to Withdraw as counsel which the Court has _denied_ – given: "counsel has not addressed the issue of insurance

coverage as it relates to the lifting of the bankruptcy stay" – a copy of the Order is appended hereto.

<mark>My question</mark>:  Is there insurance coverage in this case?  I have appended a copy of the Complaint – and all other pertinent documents.    I would appreciate a response by tomorrow – as I will need to file the memorandum with the Court on Wednesday responding to this question.   Can you please immediately respond.   Thank you.  Best regards, Nancy Wright

As noted on the Order attached, Judge Mahon denied my Motion to Withdraw my Appearance in the Taylor case given my failure to "…address the issue of insurance coverage as it relates to the lifting of the bankruptcy stay"  in the Taylor case.   Question at this end – is there insurance coverage?

As brief background (as noted in the underlying Motion to Withdraw, a copy of which is attached:

Nancy J. Wright, Esquire
Law Office of Richard P. McBride
714 N. Bethlehem Pike, Suite 101
Lower Gwynedd, Pennsylvania  19002
(610) 834-1046 (telephone)
(610) 941-5316 (facsimile)
njwright@rpmcbridelaw.com