# EXHIBIT C

# Gary Seitz

| | |
|---|---|
| **From:** | Gary Seitz |
| **Sent:** | Thursday, January 16, 2020 3:26 PM |
| **To:** | jhorn@hornwilliamson.com; cwilliamson@hornwilliamson.com |
| **Cc:** | Nancy Wright; Holly Smith Miller |
| **Subject:** | RE: TAYLOR V. HUDSON PALMER HOMES |

Upon close review of the complaint filed in the Taylor action which was just recently brought to my attention, I see that much of its content clearly is in contempt of the bankruptcy court's order for relief and violates the automatic stay. The relief that was granted by the bankruptcy court was narrowly drawn and limited to claims that would trigger coverage under Hudson Palmer insurance policies. This complaint goes far beyond what was contemplated by the order granting relief. In so doing, a majority of the terms of the complaint establish knowing contempt of the bankruptcy court's order.

As an initial matter, the complaint fails to identify any insurance coverage that would be triggered and does not even contain pertinent information to determine what policies might be implicated – such as the date of discovery of the alleged defect and the date Hudson Palmer was notified of the alleged defect. As counsel for Taylor is well aware, the order for relief was narrowly tailored to theories that would trigger Hudson Palmer's insurance coverage.

The complaint seeks alter ego and piercing theories that are beyond the scope of the relief sought. Section 541 of the Bankruptcy Code establishes that a debtor's bankruptcy estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case." This includes causes of action the debtor has against others as of the commencement of the bankruptcy case. If such causes of action are property of the estate under §541(a), similar extraneous lawsuits brought by individual creditors will be subject to the automatic stay provisions of Section 362(a)(3) of the Bankruptcy Code. With respect to alter ego actions, or actions to pierce the corporate veil, courts have held the Trustee is the proper party to bring such claims. *See, e.g., Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339 (7th Cir.1987) (trustee of bankrupt corporation was proper party to bring alter ego action against debtor's shareholders) and *In re Emoral*, 740 F.3d 875 (3d Cir. 2014), cert. denied, ––– U.S. –––, 135 S.Ct. 436, 190 L.Ed.2d 328 (2014) ("Emoral") citing *In re Buildings by Jamie, Inc.*, 230 B.R. 36, 43-44 (Bankr. D.N.J. 1998) (debtor's individualized creditors lacked standing to bring an alter ego veil-piercing cause of action seeking recovery from non-debtor third-party defendants, because that cause of action constituted property of the bankruptcy estate). Since the paragraphs 11-13 and other provisions of the complaint allege what amount to piercing or alter ego theories, they seek remedies that may only be sought by the trustee and as such are in direct contempt of the court's order and violate the stay.

In addition, most of the allegations of the complaint also fall outside of the relief granted - Count I alleges breach of contract, Count II alleges breach of warranty, Counts III and IV allege breach of implied warranty, and Count VI alleges statutory claims – all of these causes of action are not covered liabilities under any insurance policy of Hudson Palmer. As such these provisions of the complaint are in direct contempt of the court's order and violate the stay.

The bankruptcy estate reserves all rights to seek remedies for these actions taken in knowing contempt of the court's order for relief.



**Gary F. Seitz, As Chapter 7 Trustee**
Member
**Gellert Scali Busenkell & Brown, LLC**

gseitz@gsbblaw.com | P: 215-238-0011 | F: 215-238-0016

GSBBlaw.com || V-Card