# EXHIBIT D

# Gary Seitz

| | |
|---|---|
| **From:** | Carter Williamson <cwilliamson@hornwilliamson.com> |
| **Sent:** | Friday, January 17, 2020 4:07 PM |
| **To:** | Gary Seitz; Jennifer Horn |
| **Cc:** | Nancy Wright; Holly Smith Miller |
| **Subject:** | RE: TAYLOR V. HUDSON PALMER HOMES |
| **Attachments:** | 290 Amended Order granting stay relief.pdf |

Gary,

You are misinterpreting Judge FitzSimon's order granting relief from the automatic stay, a copy of which is attached. The order, by its plain language, does not limit the claims our clients can make against the David Cutler Group. To the contrary, it limits our remedy for recovery upon any resulting judgment or settlement to insurance proceeds. The order does not require us to make specific allegations in a complaint related to insurance, as you appear to think it does. In fact, insurance coverage is irrelevant and inadmissible in state actions of this type for the purpose of proving our clients' claims.

Further, the order specifically permits us to recover against Cutler's subcontractors and their insurers.

Finally, we have included these identical claims in every case we have pending in state court against the David Cutler Group. Once the stay was lifted, those lawsuits resumed in their entirety and we are currently litigating the claims that you say violate the automatic stay. The stay relief order did not direct that the underlying complaints be amended and narrowed in any fashion. Accordingly, your position that we cannot pursue the same claims for a similarly situated family who has the same stay relief is wrong.

We cannot, and do not, know what Cutler's insurance situation is regarding this claim. We are not privy to that information unless and until we receive credible information in discovery. We do not know what triggers insurance coverage and are not required to ascertain that prior to filing a complaint. We are not required to, and do not, accept your unsupported representations as to what claims are covered by insurance and what is not. The order places <u>no conditions</u> on the claims we can make against Cutler. It would be impossible for homeowners who were given stay relief to ascertain with certainty which if any of their claims will be covered by insurance before pursuing their claims; and the order certainly does not mandate it.

Also, There is no "alter ego" claim being preempted here. The complaint is only directed at the Debtor; it refers to different fictitious names that Cutler used, but it is all the same defendant entity.

Our clients reserve their rights under Fed.R.C.P. 11 in the event that you file papers with the court restating the frivolous arguments you make in your email.



**Carter N. Williamson** | Partner
**Horn Williamson, LLC**
2 Penn Center | Suite 1700
Philadelphia, PA 19102
T: 215-987-3800

❖ Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Gary Seitz <gseitz@gsbblaw.com>
**Sent:** Thursday, January 16, 2020 3:26 PM
**To:** Jennifer Horn <jhorn@hornwilliamson.com>; Carter Williamson <cwilliamson@hornwilliamson.com>
**Cc:** Nancy Wright <njwright@rpmcbridelaw.com>; Holly Smith Miller <hsmith@gsbblaw.com>
**Subject:** RE: TAYLOR V. HUDSON PALMER HOMES

Upon close review of the complaint filed in the Taylor action which was just recently brought to my attention, I see that much of its content clearly is in contempt of the bankruptcy court's order for relief and violates the automatic stay. The relief that was granted by the bankruptcy court was narrowly drawn and limited to claims that would trigger coverage under Hudson Palmer insurance policies. This complaint goes far beyond what was contemplated by the order granting relief. In so doing, a majority of the terms of the complaint establish knowing contempt of the bankruptcy court's order.

As an initial matter, the complaint fails to identify any insurance coverage that would be triggered and does not even contain pertinent information to determine what policies might be implicated – such as the date of discovery of the alleged defect and the date Hudson Palmer was notified of the alleged defect. As counsel for Taylor is well aware, the order for relief was narrowly tailored to theories that would trigger Hudson Palmer's insurance coverage.

The complaint seeks alter ego and piercing theories that are beyond the scope of the relief sought. Section 541 of the Bankruptcy Code establishes that a debtor's bankruptcy estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case." This includes causes of action the debtor has against others as of the commencement of the bankruptcy case. If such causes of action are property of the estate under §541(a), similar extraneous lawsuits brought by individual creditors will be subject to the automatic stay provisions of Section 362(a)(3) of the Bankruptcy Code. With respect to alter ego actions, or actions to pierce the corporate veil, courts have held the Trustee is the proper party to bring such claims. *See, e.g., Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339 (7th Cir.1987) (trustee of bankrupt corporation was proper party to bring alter ego action against debtor's shareholders) and *In re Emoral*, 740 F.3d 875 (3d Cir. 2014), cert. denied, —— U.S. ——, 135 S.Ct. 436, 190 L.Ed.2d 328 (2014) ("Emoral") citing *In re Buildings by Jamie, Inc.*, 230 B.R. 36, 43-44 (Bankr. D.N.J. 1998) (debtor's individualized creditors lacked standing to bring an alter ego veil-piercing cause of action seeking recovery from non-debtor third-party defendants, because that cause of action constituted property of the bankruptcy estate). Since the paragraphs 11-13 and other provisions of the complaint allege what amount to piercing or alter ego theories, they seek remedies that may only be sought by the trustee and as such are in direct contempt of the court's order and violate the stay.

In addition, most of the allegations of the complaint also fall outside of the relief granted - Count I alleges breach of contract, Count II alleges breach of warranty, Counts III and IV allege breach of implied warranty, and Count VI alleges statutory claims – all of these causes of action are not covered liabilities under any insurance policy of Hudson Palmer. As such these provisions of the complaint are in direct contempt of the court's order and violate the stay.

The bankruptcy estate reserves all rights to seek remedies for these actions taken in knowing contempt of the court's order for relief.



**Gary F. Seitz, As Chapter 7 Trustee**
Member
**Gellert Scali Busenkell & Brown, LLC**

gseitz@gsbblaw.com | P: 215-238-0011 | F: 215-238-0016

GSBBlaw.com || V-Card