# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re Hudson Palmer Homes, Inc.** | : | Chapter 7 |
| **f/k/a The Cutler Group, Inc.** | | |
| Debtor | : | Case No. 18-17509 (JKF) |

## M E M O R A N D U M

### Introduction

Before the Court is the Motion of Gary F. Seitz, Chapter 7 Trustee to Reimpose the Automatic Stay Pursuant to B.R. 9024. The Motion is opposed by Alkeshkumar and Sonal Taylor, and other clients of Horn Williamson LLC ("the Taylor Group" or "the plaintiffs"). A hearing on the matter was held on January 28, 2020 after which the Court took the matter under advisement. As this request relates to the modification of the automatic stay, it is within the Court's "core" jurisdiction. *See* 28 U.S.C. § 157(b)(2)(G).

For the reasons that follow, the Motion will be denied.

### Background

The Debtor is a homebuilder who commenced this Chapter 7 proceeding after suffering a spate of customer lawsuits alleging defective home construction. Within one month of the bankruptcy filing, various groups of its homebuyers sought relief from the automatic stay in order to resume their state court litigation. The Taylor Group was among those who made such a request.

Of specific importance is that these plaintiffs intended to make claims against the Debtor's liability insurance carriers. The Trustee initially objected to stay relief,

concerned that the proceeds from those liability insurance policies might be property of the estate. The Trustee later retreated from that position and acceded to the granting of relief. Consequently, on June 27, 2019 the court granted the homeowners relief from stay.

Relevant for present purposes are the following provisions of the ordering modifying the automatic stay:

> 3. The automatic stay shall be modified solely to permit the Stay Relief movants to continue to pursue the proceeds of any liability insurance policies of the Debtor, … provided, however, that, with respect to any settlement or judgment against the Debtor in connection with their efforts, the Stay Relief movants shall be limited by, and shall look strictly and solely to, the proceeds of the insurance policies, if any.
>
> 4. Neither the Stay Relief movants nor any of their agents, attorneys or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any settlement or judgment obtained on account of or in connection with the litigation from the Debtor and/or the properties and assets of any of the Debtor's Estate.
>
> 5. For the avoidance of doubt, any judgment obtained against Debtor by any Stay Relief Movant shall not constitute the imposition of legal liability against the Debtor for purposes of constituting a claim against the Debtor's Bankruptcy Estate nor otherwise constitute the assertion or allowance of a claim against the Bankruptcy Estate.

(Order dated June 27, 2019) (Doc. # 290) ("the Stay Relief Order").

With the stay lifted, the homeowners resumed their respective litigation. Developments in the Taylors' suit in state court are what prompted the Trustee's Motion.

The Motion states that:

- the Debtor's counsel in the Taylor lawsuit has sought to withdraw as counsel;

2

- the Debtor is in default for not having answered the complaint; and

- on January 21, 2020, the Taylors have issued a 10-day Notice of Intention to Enter Default Judgment. (Motion ¶¶ 6-10).

Because the Trustee believes that entry of a default judgment is inconsistent with the Stay Relief Order, or otherwise would prejudice the bankruptcy estate, and the deadline to answer the state court complaint is imminent, the Trustee sought relief on an expedited basis. A hearing was held an expedited basis on January 28, 2020, four (4) days after the Motion was filed, during which the court received testimony and documentary evidence before taking the matter under advisement.[1]

### *Discussion*

### A.

The Motion is styled as a request for relief from a prior order and so proceeds under Federal Rule of Civil Procedure 60(b) (made applicable to bankruptcy cases by B.R. 9024). Rule 60(b) provides that "on motion and on just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for … (6) any other reason that justifies relief." F.R.C.P. 60(b).

Although couched as a Rule 60(b) motion, the evidence at the hearing suggests that the Trustee's legal theory was more of a hybrid. The Trustee argued at the hearing that the plaintiffs actions in state court exceeded the scope of the relief they obtained

---

[1] On the day of the hearing, the judge who has presided over this case was ill and could not attend. Due to the urgency of the matter, the undersigned judge conducted the hearing and is issuing this decision.

3

under the Stay Relief Order. In effect, he asked the court simply to enforce the automatic stay. The Trustee reads the Stay Relief Order as limiting the plaintiffs to asserting claims that could be recoverable from insurance proceeds. The Trustee contends that the claims asserted in the plaintiffs' state court complaint cannot possibly be covered by insurance proceeds because they are either contract or statutory claims that fall outside the scope of any insurance policies that the Debtor may have had at the time the claims arose.[2]

Upon close examination of the Stay Relief Order, I reject the Trustee's argument that there has been a violation of the automatic stay.

Nothing in the Stay Relief Order limited the claims that the plaintiffs were authorized to assert against the Debtor. The Order only limited the collection efforts, requiring the plaintiffs to seek payment only from available insurance proceeds. (See Stay Relief Order ¶¶ 3-4).[3]

---

[2] The Trustee concedes that the plaintiffs' negligence claim is potentially payable from insurance proceeds, but he asserts that the state court complaint does not plead enough facts to show that claim arose at a time when there may have been insurance coverage in place. I am unpersuaded by this argument. While the state court complaint lacks specificity on the issue, that factual determination is best developed in the ordinary course of the state court litigation.

[3] I acknowledge that there is a certain logic to the Trustee's contention that the Stay Relief Order could not have intended to authorize the plaintiffs to assert claims that cannot possibly be recoverable from insurance. Further, the Trustee made out a convincing case that some of the claims asserted do not appear to be covered by any insurance policy the Debtor may have had. The problem with the Trustee's argument, however, is that even if the plaintiffs have asserted claims against the Debtor that exceed the scope of the Stay Relief Order, the only party harmed is the Debtor entity, which the Trustee acknowledges is an empty corporate shell. Further, any judgment entered against the Debtor will not have any impact on claims allowance or distribution in the bankruptcy case. (See Stay Relief Order ¶ 5). So, even if there
(continued...)

**B.**

Alternatively, the Trustees that if the plaintiffs' conduct did not exceed the relief granted by the Stay Relief Order, that order should be modified to prevent the plaintiffs from moving toward the entry of a default judgment in state court. In support of this argument, the Trustee makes two (2) points.

First, the Trustee suggests that he has a duty to monitor the state court litigation and permitting claims to go forward in that forum that cannot possibly be recoverable from available insurance imposes an unnecessary obligation on the bankruptcy estate that is unduly burdensome.

I am unpersuaded by this argument because the Trustee has not met his burden of proof on the issue. I accept the Trustee's statements that he should monitor the state court litigation and that, undoubtedly, some amount of time will need to be expended to do so. But the Trustee failed to make a convincing showing that the time that will have to be expended (presumably, reviewing state court dockets and perhaps some documents filed in the state court proceedings) is so burdensome that it requires a reevaluation of the terms of the Stay Relief Order.

Second, the Trustee contends that permitting these actions to proceed interferes with his duty to marshal the assets of the estate. Based on his testimony, it appears that the Trustee's primary concern is that the plaintiff's ability to obtain judgments and then access the proceeds of available insurance policies will make it more difficult for

---

[3](...continued)
is a stay violation, in the absence of harm to the bankruptcy estate, the Trustee lacks standing to seek judicial relief.

him to enter into agreements with the insurers in which the insurers "buy back" the policies from the bankruptcy estate in return for a payment to the estate.[4]

Again, the Trustee's concerns have a basis in factual reality. The difficulty for the Trustee, however, is that (in colloquial terms), "that ship has sailed." In entering the Stay Relief Order in June 2019, the court made the determination that it would permit individual plaintiffs to assert their claims and access insurance proceeds while simultaneously allowing the Trustee to attempt to monetize the bankruptcy estate's interest in those policies. In effect, as the Trustee acknowledged in his testimony, the court authorized a "race" between the individual plaintiffs and the trustee to extract value from the existing insurance policies. The Trustee offered no reason why that policy decision as to the proper manner to administer this bankruptcy case, made by the presiding judge in June 2019, should be reconsidered at this time.

### C.

For these reasons, the Motion will be denied.

An appropriate Order follows.

**Dated: January 29, 2020**

 **ERIC L. FRANK**
 **UNITED STATES BANKRUPTCY JUDGE**

---

[4] The underlying premise of the administration of this case (and the Stay Relief Order) appears to be that the policies are "owned" by the bankruptcy estate, but the proceeds of those policies, when payable, are not.

7